**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

                              Case No. 13-20161

v.

                              HONORABLE DENISE PAGE HOOD

SAMI WILLIAM MUSTAFA,

      Defendant.

_____/

**ORDER REGARDING DEFENDANT'S MOTION TO SET ASIDE**
**GUILTY VERDICT OR FOR NEW TRIAL**
**AND**
**ORDER REGARDING MOTION FOR ORDER STRIKING MOTION**

On September 13, 2013, after a jury trial was held, the jury found Mustafa guilty on Count One of the Second Superseding Indictment, 18 U.S.C. § 1951(a). Mustafa is awaiting sentencing in this matter. On November 15, 2013, Mustafa proceeding *pro se,* filed a Motion to Set Aside Guilty Verdict or for New Trial. The Government filed a Motion for an Order Striking Mustafa's Motion to Set Aside Guilty Verdict or for New Trial.

It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806 (1975). However, a criminal defendant does not have a right to hybrid representation. *See, United States v. Mosely,* 810 F.2d 93, 98 (6th Cir. 1987)(Defendant, although a lawyer, was represented by counsel and the Sixth Circuit found that there is potential for undue delay and jury confusion when more than one attorney tries a case); *United States v. Green,* 388 F.3d 918-922023 (6th Cir. 2004). A court's discretion to reject hybrid representation may apply to the

filing of motions. *See, United States v. Agofsky,* 20 F.3d 866, 872 (8th Cir. 1994)(The court refused to consider motions filed by defendant's mother). The Sixth Circuit's analysis in *Mosely* can be extended to filings of motions. *See, United States v. Safiedine,* 2008 WL 324161 *1 (E.D. Mich. Case No. 06-20137, Feb. 6. 2008) (unpublished).

Given that Mustafa is represented by counsel, the Court will not review his motion filed *pro se*. Even if the Court were to consider Mustafa's motion under Rule 29 of the Rules of Criminal Procedure, the motion is untimely. Rule 29(c) provides that any motion for a judgment of acquittal after a guilty verdict must be filed within 14 days of the verdict. The verdict was entered on September 13, 2013 and Mustafa's Motion to Set Aside Guilty Verdict or for New Trial was filed on November 15, 2013.

Accordingly,

IT IS ORDERED that Defendant Sami William Mustafa's Motion to Set Aside Guilty Verdict or for Motion for New Trial or Evidentiary Hearing **(Doc. No. 34)** is DENIED.

IT IS FURTHER ORDERED that the Government's Motion to Strike or for Motion to Set Aside Guilty Verdict or for New Trial **(Doc. No. 35)** is MOOT.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  December 11, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 11, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager