UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                  Criminal Case No. 13-20161
v.                                                        Civil Case No. 14-13278
                                                      HON. DENISE PAGE HOOD

SAMI WILLIAM MUSTAFA (D-1),

    Defendant-Petitioner.
_____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE,
ORDER DISMISSING WITHOUT PREJUDICE CASE NO. 14-13278
and
ORDER DENYING CERTIFICATE OF APPEALABILITY**

**I.    BACKGROUND**

On September 13, 2013, Defendant Sami William Mustafa was found guilty by a jury of Extortion as alleged in Count One of the Second Superseding Indictment, 18 U.S.C. § 1951(a). Mustafa was sentenced to 41 months of imprisonment, followed by 2 years of supervised release. (Judgment, Doc. No. 41) A Notice of Appeal was filed on December 27, 2013. (Doc. No. 39) Mustafa filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on August 22, 2014. (Doc. No. 50) The Government filed a response arguing the motion is premature since the direct appeal is currently pending before the Sixth Circuit Court of Appeals, Appeal Case No. 14-1025. (Doc. No. 54)

## II. ANALYSIS

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under 28 U.S.C. § 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Dunlap v. United States,* 250 F.3d 1001, 1004-05 (6th Cir. 2001). The AEDPA established a one-year limitations period for § 2255 motions, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a movant does not pursue a direct appeal to the court of appeals, the conviction becomes final on the date the time for filing such an appeal expires. *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004).

Courts have held that a § 2255 motion is inappropriate if the movant is simultaneously appealing the decision. R. Governing § 2255 Proceedings Rule 5 advisory committee's notes. In *Capaldi v. Pontesso,* 135 F.3d 1122, 1124 (6th Cir. 1998), the Sixth Circuit adopted multiple circuits' rule that in the absence of "extraordinary circumstances," a district court is precluded from considering a § 2255 motion during the pendency of the appellant's direct appeal. *Id.* at 1124; *Smith v. United States,* Case No. 95-3980, 1996 WL 330864, at *1 (6th Cir. June 14, 1996). This rule rests upon the recognition that an application under § 2255 is

an extraordinary remedy and should not be considered a substitute for direct appeal, as well as the practical consideration that a determination of the direct appeal may render collateral attack under § 2255 unnecessary. *Capaldi,* 135 F.3d at 1124. This rule holds true even for claims of ineffective assistance of counsel, which may normally not be brought on direct appeal. *Smith*, 1996 WL 330864, at *1.

The Court's review of Mustafa's § 2255 motion shows that he has not identified any extraordinary circumstances that would warrant immediate consideration of his motion while his direct appeal is pending. It is noted that Mustafa in his motion indicated he did not appeal the judgment of conviction. (Doc. No. 51, Pg ID 765) However, such a notice of appeal was filed and the Sixth Circuit has docketed the appeal in Appeal Case No. 14-1025. (Doc. Nos. 39, 42) The Court denies without prejudice Mustafa's § 2255 motion as premature. Mustafa may refile the motion, if necessary, once his appeal is final, and within the appropriate one-year limitation to file the motion as noted above.

## III.    CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of

December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued as to this Order since the Court's denial is without prejudice pending resolution and the finality of the direct appeal.

### IV.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 13-20161, Doc. No. 50, filed August 22, 2014]** is **DENIED without prejudice.**

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Civil Case No. 14-13278]** is **DISMISSED without prejudice and designated as CLOSED.**

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated: October 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2014, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager