UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

SAMI WILLIAM MUSTAFA (D-1),

    Defendant-Petitioner.
_____/

Criminal Case No. 13-20161
Civil Case No. 15-10864
HON. DENISE PAGE HOOD

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE,
ORDER DISMISSING CIVIL CASE NO. 15-10864
and
ORDER DENYING CERTIFICATE OF APPEALABILITY**

**I.     BACKGROUND**

On September 13, 2013, a jury found Defendant Sami William Mustafa guilty of Extortion by Wrongful Use of Force, Violence or Fear under 18 U.S.C. § 1951(a) as alleged in Count One of the Second Superseding Indictment. (Doc. No. 32, Verdict Form) Mustafa was sentenced to a term of 41 months, followed by 2 years on supervised release. (Doc. No. 41, Judgment)  A Notice of Appeal was filed by Mustafa on December 27, 2013. (Doc. No. 39)  The Sixth Circuit Court of Appeals affirmed Mustafa's conviction and Judgment on January 30, 2015 and the

Mandate issued on February 23, 2015. (Doc. Nos. 57, 61)

Mustafa filed, *pro se*, the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on March 6, 2015. (Doc. No. 58) Mustafa claims his trial counsel was ineffective raising four grounds addressed below. The Government filed a response brief in this matter. For the reasons set forth below, the Court denies Mustafa's Motion to Vacate, Set Aside, or Correct Sentence.

**II.   ANALYSIS**

    **A.   Standard**

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under 28 U.S.C. § 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Dunlap v. United States,* 250 F.3d 1001, 1004-05 (6th Cir. 2001). The AEDPA established a one-year limitations period for § 2255 motions, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a movant does not pursue a direct appeal to the court of appeals, the conviction becomes final on the date the time for filing such an appeal expires. *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004).

A court may not conduct a collateral review of a judgment where the issues

for review have been decided on direct appeal. *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996). A court also may not conduct a collateral review of an issue that has been procedurally defaulted by the defendant's failure to raise the grounds for review on direct appeal. *Massaro v. United States,* 530 U.S. 500, 504 (2003). Section 2255 is not a substitute for a direct appeal and a defendant cannot use it to circumvent the direct appeal process. *United States v. Frady,* 460 U.S. 152, 164-65 (1982); *Elzy v. United States,* 205 F.3d 882, 884 (6th Cir. 2000). Where a defendant fails to raise claims on direct appeal and attempts to raise them in a § 2255 motion, the defendant must show good cause for the failure to raise the claims and establish prejudice or the defendant must show he or she is actually innocent. *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003).

The court of appeals typically will not review a claim of ineffective assistance of counsel on direct appeal except in rare cases where the error is apparent from the existing record. *United States v. Lopez-Medina,* 461 F.3d 724, 737 (6th Cir. 2006). Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. A defendant under the Sixth Amendment has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id*. "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

### B. Ineffective Assistance by Trial Counsel

Mustafa argues that his trial counsel was ineffective for the following reasons: failure to request an evidentiary hearing (Ground One); lack of

communication with Mustafa and failure to investigate (Ground Two); failure to present evidence on behalf of Mustafa at trial (Ground Three); and, failure to file motions at Mustafa's requests (Ground Four). (Doc. No. 58) The Government responds that Mustafa failed to establish his trial counsel was ineffective.

### 1. Evidentiary Hearing

Mustafa claims his trial counsel was ineffective because he failed to request an evidentiary hearing to show that the company (DTE) was not afraid to read the meters at the property and that they lied about estimating the bill. Mustafa asserts that if such an evidentiary hearing was held, the case may have been dismissed because the Court would have "witnessed" Mustafa's evidence. (Doc. No. 58, Pg ID 804) The Government responds that any request for an evidentiary hearing on the facts would have been procedurally filed as a motion to dismiss the indictment, which would have failed. The Government argues that Mustafa's trial counsel did move for judgment of acquittal under Rule 29 of the Rules of Criminal Procedure, which was denied by the Court.

Mustafa does not cite a rule that allows a defendant an evidentiary hearing on the merits of the case prior to trial. Rule 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(2). Other pretrial

motions may be filed if "the motion can be determined without a trial on the merits" based on: a defect in instituting the prosecution; a defect in the indictment; suppression of evidence; severance of charges or defendants; or discovery requests. Fed. R. Crim. P. 12(b)(3). The Court finds that any evidentiary hearing eliciting facts addressing the issue of the company's state of mind would go to the merits of the Indictment–whether Mustafa was guilty of Extortion by Wrongful Use of Force, Violence or Fear under 18 U.S.C. § 1951(a). Mustafa would have had his trial counsel request a pretrial evidentiary hearing to show he did not engage in extortion by wrongful use of force, violence or fear since the victims (DTE and its employees) had no fear in entering Mustafa's property to read the meters. Mustafa claims that the evidentiary hearing would have also established that the victims lied when they claimed that the bills were estimated since the facts would have shown that DTE employees entered the property for actual readings. Rule 12(b) does not allow for such an evidentiary hearing since the Court would have had to determine facts which go to the merits of the Indictment and Mustafa's defense that he did not violate § 1951(a) by the threats he made to DTE and its employees.

As to a Rule 29 Motion for Judgment of Acquittal, Mustafa's counsel did so move after the Government rested its presentation of the evidence, which was denied by the Court. (Doc. No. 46, Pg ID 630-32; Doc. No. 47, Pg ID 639)

Since there is no basis for a pretrial evidentiary hearing to determine facts which go to the merits of the Indictment as set forth above, and because Mustafa's trial counsel did move for a Rule 29 Motion for Judgment of Acquittal after the Government presented its proofs at trial, the Court finds that Mustafa's trial counsel was not ineffective for failing to request an evidentiary hearing.

### 2. Failure to Communicate

Mustafa next argues that his trial counsel was deficient in that he did not communicate with Mustafa by failing to take his calls, setting up meetings and investigating the matter. The Government responds that defense counsel did communicate with Mustafa.

Mustafa had initially indicated he would plea guilty to the charge. At the April 24, 2013 plea hearing, the Government asserts Mustafa indicated to the Court that he was not satisfied with his trial counsel and that the Court inquired wither he sought to have defense trial counsel withdraw. A brief recess was taken and Mustafa and his trial counsel discussed the matter. Mustafa thereafter indicated to the Court he was satisfied with his trial counsel's representation, but that he was not going to enter a plea guilty at that time. At trial, Mustafa's counsel placed on the record that he had met with his client and discussed matters. (Doc. No. 47, Pg ID 641-42)

Mustafa has failed to meet his burden that his counsel failed to communicate with him the matters to be raised at trial. Mustafa has failed to create a factual issue that his trial counsel failed to communicate with him matters relating to his case in light of the statements made by his trial counsel on the record. No further hearing is required if the movant's allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *See, Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999); *Peavy v. United States,* 31 F.3d 1341, 1345 (6th Cir. 1994).

### 3.     Failure to Present Evidence and Arguments at Trial

Mustafa further claims that his trial counsel did not present any evidence to the courts, such as pictures, telephone logs, billing and payment history or company policy that shows the company is not allowed to disconnect services. The Government responds that its proofs at trial included audio recordings of Mustafa's threats and Mustafa's confession to law enforcement that he made such threats. The Government also presented billing records and the company's shut off policy at trial. The Government argues that based on the evidence at trial, Mustafa's claim that his trial counsel failed to present evidence is without merit.

In light of the evidence presented at trial by the Government, which includes the evidence which Mustafa claims his trial failed to present at trial, the Court finds

that Mustafa's trial counsel's representation of Mustafa at trial was not deficient. Mustafa's trial counsel presented closing arguments and appropriately cross-examined the Government's witnesses. (Doc. No. 47, Pg ID 278-287) Mustafa failed to carry his burden of showing that his trial counsel's actions could not be considered part of a sound trial strategy in light of the evidence presented by the Government at trial. *Miller v. Webb,* 385 F.3d 666, 672 (6th Cir. 2004).

### 4. Failure to File Motions

Mustafa claims that he had directed his trial counsel to file a request for evidentiary hearing and a motion for acquittal, but that he failed to do so. The Government responds that the evidentiary hearing request would have failed and Mustafa's trial counsel did move for a judgment of acquittal at trial.

For the reasons set forth above, the Court finds that Mustafa's counsel was not deficient for failing to request an evidentiary hearing. Also as noted above, Mustafa's trial counsel moved for judgment of acquittal after the Government presented its proofs at trial, which is appropriate under Rule 29.

### 5. Summary

Based on the above analysis, the Court finds that Mustafa failed to show that his trial counsel's performance was deficient under the first prong of the *Strickland* test. Mustafa is not entitled to relief under § 2255.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued in this case since the arguments raised by Mustafa in his motion are without merit.

### IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 13-20161, Doc. No. 58, filed March**

**6, 2015]** is **DENIED.**

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Civil Case No. 15-10864]** is **DISMISSED with prejudice and designated as CLOSED.**

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  April 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager